# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * *

ZOHREH GERAMI,              *

A Married Woman,            *

                              *      No. 12-442V

            Petitioner,      *      Special Master Christian J. Moran

                              *

v.                             *      Filed: October 11, 2013

                              *

SECRETARY OF HEALTH      *      Decision dismissing case;

AND HUMAN SERVICES,      *      six-month requirement;

                              *      insufficient proof.

            Respondent.      *

* * * * * * * * * * * * * * * * * * * * *

<u>Cyrus Meshki</u>, Law Offices of Cyrus Meshki, APC, Los Angeles, CA, for petitioner.

<u>Darryl R. Wishard</u>, United States Dep't of Justice, Washington, DC, for respondent.

## <u>UNPUBLISHED DECISION DENYING COMPENSATION</u>[1]

Zohreh Gerami filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa—10 <u>et</u> <u>seq.</u> (the "Vaccine Act" or "Program"), on July 13, 2012. Ms. Gerami alleged that she suffered an adverse reaction, including skin irritation, severe rash, cellulitis, insomnia, depression, and lingering skin scars, resulting from the receipt of a diphtheria-pertussis-tetanus ("DPT") vaccine she received on November 27, 2011. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa—12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## I.    <u>Procedural History</u>

On November 1, 2012, petitioner filed a restated claim for damages as well as exhibits 1-7.[2]  On November 2, 2012, respondent filed a status report in which she stated that petitioner had not filed the supporting documentation required under the Act.  Respondent requested that petitioner file several sets of medical records.  Specifically, respondent requested "[p]roof that petitioner's alleged vaccine injury lasted for more than 6 months."

On November 15, 2012, petitioner filed exhibits 8 and 9 (petitioner's affidavit).  In her affidavit, petitioner asserted that her vaccine-caused injuries persisted for more than six months.  Exhibit 9 at ¶ 7.  On November 27, 2012, petitioner filed exhibit 10, a two page letter from Dr. Houshang Naimi dated November 27, 2012 and containing a summary of petitioner's post-vaccination medical history.  A status conference was held on November 28, 2012.  During the status conference, respondent requested that petitioner file complete post-vaccination records and not merely a summary of her medical history since the date of her vaccination.  On November 29, 2012, petitioner was ordered to file those records requested by respondent in her November 2, 2012 status report.

Petitioner filed exhibits 11-13 on January 8, 2013.  On January 9, 2013, respondent filed another status report.  In her report, respondent again asserted that petitioner had "not met the requirements under the Vaccine Act for filing supporting documentation for her petition."  Respondent noted that exhibit 13 was an exact duplicate of exhibit 10 (Dr. Naimi's summary of Ms. Gerami's medical history), and thus was insufficient proof that petitioner's alleged vaccine-caused condition persisted for more than six months after her vaccination.

Another status conference was held on February 1, 2013.  During the status conference, petitioner was strongly encouraged to file a motion for authorization to

---

[2] The principal difference between the petition and petitioner's restated claim for damages concerns attorney fees and costs.  <u>Compare</u> Petition, <u>with</u> [Restated] Claim for Damages under Statutory Vaccination Program.  The injuries alleged and the allegedly causal vaccine are identical in both pleadings.  <u>Id.</u>

serve a subpoena on Dr. Naimi to obtain records related to his treatment of Ms. Gerami.[3] See order, issued Feb. 2, 2013.

On March 4, 2013, petitioner filed exhibit 14. A status conference was held on April 12, 2013. During the status conference, respondent stated that the record was sufficiently complete for her to file a Rule 4(c) report. See order, issued Apr. 12, 2013.

Respondent filed her Rule 4 report on May 10, 2013. In her report, respondent asserted that petitioner had failed to meet "the six-month residual effects requirement for a vaccine-related injury under the Act." Resp't Rep't at 6 (citing 42 U.S.C. § 300aa—11(c)(1)(D)). Respondent noted that Ms. Gerami apparently suffered from cellulitis at the injection site, but that the "last recorded complaints regarding her arm were on February 15, 2012 – less than three months after vaccination." Resp't Rep't at 7-8. Respondent added that petitioner's claims of anxiety and/or depression lasting for more than six months were not supported by the records filed. Id. at 7. Further, respondent noted Ms. Gerami's apparent "periodic nervousness and anxiety before vaccination." Id. at 8.

On May 30, 2013, during a status conference, petitioner agreed to file a response to respondent's Rule 4 report, identifying the medical records that support satisfaction of the Act's six-month requirement. See order, issued May 31, 2013. On June 25, 2013, petitioner filed a letter from Dr. Naimi (exhibit 15). Dr. Naimi stated that Ms. Gerami's injection-site symptoms "persisted over 6 months, and started fading away over 6 months," and that "her psychological problems (anxiety disorder) lasted almost a year."

Another status conference was held on July 16, 2013. During the status conference, respondent stated that Dr. Naimi's letter did not satisfy her concerns. Specifically, respondent noted that Dr. Naimi did not refer to any medical records to support his statements. See order, issued July 18, 2013. Noting that she had no additional documents to file, petitioner requested a ruling on the record. See id.

On July 18, 2013, respondent filed a status report in which she concurred with petitioner regarding the appropriateness of a ruling on the record. Although respondent discussed causation in her Rule 4 report, she requested that a ruling be

---

[3] To date, petitioner has not requested authorization to serve a subpoena on Dr. Naimi.

3

limited to the issue of whether petitioner has demonstrated that she suffered an injury lasting more than six months. Resp't Status Rep't, filed July 18, 2013. Also on July 18, 2013, in anticipation of a ruling on the record, the parties were ordered to file any additional materials or information they wished to be considered by August 16, 2013. Neither party filed any additional material. This case is now ready for disposition.

## II.    Ms. Gerami's Relevant Medical History

On November 27, 2011, Ms. Gerami received a DPT vaccination at a Rite Aid in San Rafael, California. Exhibit 11; exhibit 12 at 2. On November 30, 2011, Ms. Gerami presented to Marin General Hospital's Emergency Department complaining of right arm pain. Exhibit 12 at 2.[4] The attending physician, Dr. Tami Gash-Kim, assessed Ms. Gerami as having "[r]ight upper extremity cellulitis," which the doctor attributed to Ms. Gerami's DPT immunization. Id. at 3. Dr. Gash-Kim added that the infection did "not appear to be allergic in nature." Id. A blood culture was negative. Id. at 1, 4-5. Ms. Gerami was discharged from the hospital on December 1, 2011. Id. at 3. She was instructed to return in 24 hours for a repeat evaluation. Id.

On December 2, 2011, Ms. Gerami returned to the hospital, complaining of local itching. Id. at 1. The doctor's impression was "[l]ocal reaction to vaccine versus cellulitis." Id. Less than an hour after her admittance, Ms. Gerami was discharged "in satisfactory stable condition" and instructed to seek reexamination "if high fever, shaking chills, vomiting or other systemic symptoms" manifested. Id.

On February 15, 2012, Ms. Gerami was seen by her primary care physician, Dr. Naimi. Exhibit 14.1 at 40-41. Dr. Naimi noted Ms. Gerami's restlessness, anxiety, muscular tension, tachycardia, and fatigue. Id. He also noted Ms. Gerami's arm redness. Id. at 41.

In a progress note from April 19, 2012, it was noted that Ms. Gerami had stopped smoking, but no mention was made of the persistence of symptoms of the alleged injury. Id. at 32.

---

[4] Some of petitioner's exhibits, including exhibit 12, were not paginated. Citations to exhibits without page numbers are made to the page number of the PDF filed.

On November 21, 2012, Ms. Gerami was seen for a physical. Id. at 42. At that time, she had no complaints. Id. A recording of her past medical history included herpes zoster (May 10, 2012), post-vaccination cellulitis (November 30, 2011), and a breast nodule excision (May 12, 2012). Id. Although questions of hypertension and hyperthyroidism were raised, no mention was made of symptoms of the alleged injury. Id. at 42-43.

A letter from Dr. Naimi, dated November 27, 2012, summarized Ms. Gerami's 2011-2012 medical history. Exhibit 10 at 1-2. Dr. Naimi mentioned Ms. Gerami's 2012 treatments for herpes zoster and a benign nodule in her left breast. Id. at 1. Additionally, he noted petitioner's February 15, 2012 complaint of "anxiety due to a vaccination in California." Id. Dr. Naimi added that Ms. Gerami "had been suffering from insomnia, restlessness, and irritability" since her vaccination. Id. Finally, concerning Ms. Gerami's November 21, 2012 "complete major physical examination," Dr. Naimi noted Ms. Gerami's blood pressure of 130/70 and her normal blood chemistry and urine analysis. Id. at 2. He added, "[n]o other findings." Id.

A progress note from January 7, 2013, includes the notation that Ms. Gerami "does not take meds." Exhibit 14.1 at 34. No mention was made of symptoms of the alleged injury. Id.

## III. Analysis

Under the Vaccine Act, a petition for compensation must contain "supporting documentation, demonstrating that the person who suffered [a vaccine related injury] . . . suffered the residual effects or complications of such illness, disability, injury, or condition for more than 6 months after the administration of the vaccine." 42 U.S.C. § 300aa—11(c)(1)(D)(i). The burden of establishing, by a preponderance of the evidence, the persistence of a vaccine-caused injury for longer than six months is borne by petitioners. Song v. Sec'y of Health & Human Servs., 31 Fed. Cl. 61, 65-66, aff'd, 41 F.3d 1520 (Fed. Cir. 1994).

Petitioner asserted that she experienced "severe skin irritation, rash, insomnia, and depression," as well as scars due to her November 27, 2011 DTP vaccination, and that these symptoms persisted for "nearly seven (7) months." Exhibit 9 at ¶¶ 2-3, 7. She added that she continues to "suffer from the residual lingering effects of skin anomaly." Id. at ¶ 7. Respondent contended, however, that "[t]here are no records or medical opinions to support this allegation." Resp't Rep't at 5.

5

A review of petitioner's medical records reveals no support for her claim that her allegedly vaccine-caused injuries persisted for longer than six months. Under the Vaccine Act, the residual effects of such injuries must have persisted beyond May 27, 2012, six months after Ms. Gerami's November 27, 2011 vaccination. Ms. Gerami suffered cellulitis at the injection site shortly after receiving the DTP vaccination. Exhibit 12 at 2. The last recorded symptom related to this condition (redness of the arm), however, was noted by Dr. Naimi on February 15, 2012, less than three months after Ms. Gerami's vaccination. Exhibit 14.1 at 41.

Petitioner has offered no persuasive medical opinion to support her claim. In his letter of November 27, 2012, Dr. Naimi noted Ms. Gerami's February 15, 2012 complaint of anxiety due to her vaccination.[5] Exhibit 10 at 1. Dr. Naimi, however, did not cite any medical record evidencing the persistence of petitioner's alleged vaccine injuries beyond the required six-month period.

When ordered to file a status report identifying the medical records supporting the satisfaction of the Act's six-month requirement, petitioner filed another letter from Dr. Naimi. Although Dr. Naimi stated that Ms. Gerami's vaccine-related injuries persisted for over six months, the letter is significant for its absence of citations to petitioner's medical records.[6] See exhibit 15. In a status conference held on July 16, 2013, respondent noted the absence of citations and stated that Dr. Naimi's letter did not satisfy her concerns. See order, issued July 18, 2013. Thereafter, petitioner was afforded the opportunity to file any additional materials or information she wished to be considered in anticipation of a ruling

---

[5] Ms. Gerami's records indicate that she suffered from anxiety prior to her vaccination. See, e.g., Exhibit 14.1 at 31 ("Presents with [a]nxiety disorder" on May 12, 2008). She has not claimed that her vaccination significantly aggravated her anxiety.

[6] Although statements from treating physicians can be probative, Capizzano v. Sec'y of Health & Human Servs., 440 F.3d 1317, 1326 (Fed. Cir. 2006) (citing Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005)), such statements are not binding on special masters. See 42 U.S.C. § 300aa—13(b)(1); see also Broekelschen v. Sec'y of Health & Human Servs., 618 F.3d 1339, 1346-49 (Fed. Cir. 2010) (affirming the special master's finding that the petitioner suffered from one disease even though the petitioner's treating doctor had diagnosed the petitioner with a different disease).

concerning the Act's six-month requirement.  Petitioner filed no additional documentation.

## IV.    <u>Conclusion</u>

Based on the record as a whole, petitioner has failed to prove by preponderant evidence that her allegedly vaccine-caused injuries persisted for longer than six months, as required by the Vaccine Act.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master
